# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| FABIAN JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 4:16-CV-01186-BCW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Petitioner Fabian Jackson's Motion to Correct Sentence under 28 U.S.C. § 2255. (Doc. #1). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

On April 23, 2002, Fabian Jackson was indicted on one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] On August 27, 2002, after trial, a jury returned a guilty verdict against Jackson.

On February 28, 2003, Jackson appeared with counsel for a sentencing hearing before District Judge Whipple. Based on a total offense level of 34, and a criminal history category of 6, the applicable sentencing guideline range was a custodial sentence of between 262 and 327 months.

On March 6, 2003, the Court entered judgment against Jackson for violation of §§ 922(g)(1) and 924(e) and sentenced him to 295 months in the custody of the U.S. Bureau of Prisons, followed by five years of supervised release. On April 15, 2003, the Court entered an amended judgment reflecting the same sentence.

---

[1] United States v. Jackson, 4:02-CR-00094-2-BCW

1

Jackson appealed the judgment to the U.S. Court of Appeals for the Eighth Circuit, which affirmed the conviction and sentence on May 25, 2004.

On March 14, 2005, Jackson filed a motion for post-conviction relief under 28 U.S.C. § 2255.[2] On June 8, 2005, the Court denied Jackson's motion. Jackson appealed the district court's denial of this motion, and the Eighth Circuit denied a certificate of appealability and dismissed the appeal.

Subsequently, on November 12, 2010, Jackson filed another motion for post-conviction relief, without pre-authorization from the Eighth Circuit.[3] On December 8, 2010, the district court dismissed the motion for lack of authorization. Jackson appealed this decision to the Eighth Circuit, which summarily affirmed the district court's dismissal on March 23, 2011.

In 2015, the Supreme Court of the United States ruled in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015) that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. The ACCA provides for enhanced sentencing for a felon whose criminal history includes "three previous convictions . . . for a violent felony or for a serious drug offense . . . ." 18 U.S.C. § 924(e)(1). A prior offense qualifies as a "violent felony," and thus a predicate offense upon which the ACCA enhancement might be based, if it satisfies the following definition:

> (B) The term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

---

[2] Jackson v. United States, 4:05-CV-00238-DW
[3] Jackson v. United States, 4:10-CV-01140-NKL

18 U.S.C. § 924(e)(2)(B). The phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another," hereinafter referred to as "the residual clause," is the portion of the statute found unconstitutionally vague. Johnson, 135 S. Ct. at 2563. Thereafter, the Supreme Court held Johnson announced a "new rule" of law that is retroactive on collateral review. Welch v. United States, 136 S. Ct. 1257, 1264-65 (2016).

On November 7, 2016, Jackson filed the instant motion for post-conviction relief, with authorization from the Eighth Circuit to file a second or successive motion under § 2255, under the new rule established in Johnson. Specifically, Jackson argues that without the application of the residual clause, he no longer has three prior convictions that qualify as ACCA predicate offenses, such that his sentence was improperly enhanced. (Doc. #1).

After briefing, the district court denied Jackson's petition for relief based on procedural default. (Doc. #7). Jackson appealed this decision. On December 19, 2018, the Eighth Circuit issued an opinion vacating the district court's denial order, and remanding the matter to this Court "to determine in the first instance whether Jackson has shown by a preponderance of the evidence that his successive § 2255 claim relies on *Johnson*'s new rule invalidating the residual clause."(Doc. #13-1).

After the Eighth Circuit issued its mandate, this Court set a schedule for supplemental briefing. In the supplemental briefing after remand, Jackson argues: (1) the sentencing transcript does not state whether Jackson was sentenced under the residual clause; (2) the relevant background legal environment demonstrates Jackson's burglary convictions were not ACCA predicate offenses under the enumerated offenses clause, such that he must have been sentenced under the residual clause; and (3) Jackson's conviction for committing violence or injury in violation of Mo. Rev. Stat. § 217.385 is not an ACCA predicate offense. (Doc. #20). In opposition,

3

the Government argues Jackson has not met his burden to show that it is more likely than not that the sentencing court relied on the residual clause in enhancing Jackson's sentence because it is equally possible the sentencing court enhanced Jackson's sentence under the enumerated offenses clause. The Government further asserts the relevant background legal environment demonstrates the sentencing court would have presumed Jackson's burglary convictions fell within the definition of "burglary" as used in the enumerated offenses clause of § 924(e)(2)(B)(ii).

## LEGAL STANDARD

A court may grant relief to a prisoner in federal custody "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).

A § 2255 movant may collaterally attack his sentence on four grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such a sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." Hill v. United States, 368 U.S. 424, 426-27 (1962) (quotations omitted).

## ANALYSIS

In the Eighth Circuit's remand order, the appellate court stated that in authorizing Jackson to file a second or successive § 2255 motion, it made a preliminary determination that the instant § 2255 motion was premised on a new rule of constitutional law that was retroactive on collateral review. (Doc. #13-1). Notwithstanding this preliminary determination, Jackson also must "satisfy the district court that his [habeas] claim in fact relies on a new rule." (Doc. #13-1) (citing Walker v. United States, 900 F.3d 1012, 1014 (8th Cir. 2018). Therefore, consistent with the Eighth

Circuit's order on remand, this Court must first "determine in the first instance whether Jackson has shown by a preponderance of the evidence that his successive § 2255 claim relies on Johnson's new rule invalidating the residual clause." (Doc. #13-1).

In Walker v. United States, 900 F.3d 1012 (8th Cir. 2018), the Eighth Circuit stated:

> [w]e agree with those circuits that require a movant to show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement. Under the longstanding law of this circuit, a movant bears the burden of showing that he is entitled to relief under § 2255. The mere possibility that the sentencing court relied on the residual clause is insufficient to satisfy this burden and meet the strict requirements of a successive motion. [. . .]
>
> Whether the residual clause provided the basis for an ACCA enhancement is a factual question for the district court. Where the record or an evidentiary hearing is inconclusive, the district court may consider 'the relevant background legal environment at the time of sentencing' to ascertain whether the movant was sentenced under the residual clause.

Id. at 1015 (citations omitted).

### A. The sentencing record is inconclusive.

The parties do not dispute that the sentencing court did not specify under which provision of the ACCA Jackson's sentence was enhanced. Thus, the Court must make a factual determination of the record to decide "[w]hether the residual clause provided the basis for an ACCA enhancement . . . ." Golinveaux v. United States, 915 F.3d 565, 567-68 (8th Cir. 2019). "[C]omments or findings by the sentencing judge, unobjected-to statements in the [presentence investigation report], or concessions by the prosecutor may show which ACCA clause was the basis of an enhancement." Id. (citing Beeman v. United States, 871 F.3d 1215, 1224 n.4 (11th Cir. 2017)).

In this case, Jackson and his co-defendant appeared for sentencing represented by separate counsel. During the sentencing hearing, Jackson's counsel relied on written objections. The sentencing court overruled Jackson's objection to the base offense level as follows:

5

> **The Court:** [T]he base level offense of 24 is required while unlawfully possessing a firearm, that the defendant had two, at least two prior felony convictions, either of a crime of violence or a controlled substance.
>
> And of course, Mr. Jackson, you may be aware . . . burglaries are considered to be crimes of violence. And you have a January 15th, 1986, conviction for two counts of burglary. And then you have another burglary conviction on September 18th, 1992, in Johnson County. And then you have a conviction out of Dekalb County. Now, does that count towards - - that would be a crime of violence; wouldn't it? Isn't that how that is considered?
>
> **Probation Officer:** Yes.
>
> **The Court:** All right. So those prior convictions are sufficient to make it a level 44. The Court would overrule the objection.

After overruling Jackson's other written objections, the sentencing court stated the applicable guideline range as 262 to 327 months. The Government recommended a "low to mid" range guideline sentence because Jackson's criminal record was not as extensive as his co-defendant's record. The Government stated Jackson's record contained "three burglary convictions, two of which came on one occasion, and he hasn't committed any violence or injuries to others." Jackson's counsel indicated Jackson "does not have a history of violence other than one yard confrontation when he was incarcerated in which no one was injured." Jackson's counsel recommended a sentence at the low end of the guideline range, or a downward departure in light of Jackson's mental health issues.

As indicated by the sentencing hearing transcript, the sentencing court refers to Jackson's burglary convictions as crimes of violence. The sentencing court referenced two of these burglary convictions as occurring on January 15, 1986, and "another" occurring on September 8, 1992. The sentencing court then sought confirmation from the probation officer that Jackson's Dekalb County conviction was also properly considered a crime of violence. The sentencing court thus

6

found Jackson had "at least two prior felony convictions, either of a crime of violence or a controlled substance." The Court imposed a guideline sentence of 295 months.

Beyond generally referring to Jacksons prior convictions as crimes of violence which trigger the ACCA enhancement, the Court does not delineate whether Jackson's prior convictions fall within the ACCA's residual clause, enumerated offenses clause, or the force clause. The other aspects of the sentencing record do not otherwise indicate which part of the ACCA Jackson's prior convictions fall under, though the Government's counsel noted that two of Jackson's prior burglary convictions "came on one occasion," and the prior convictions do not involve "violence or injury to others."

The Court thus finds the sentencing record inconclusive on the issue of whether Jackson's sentence was enhanced based on the residual clause.

### B. The relevant legal environment at the time of sentencing indicates reliance on the ACCA residual clause.

"When the record is inconclusive, the second step is to determine the relevant legal environment at the time of sentencing." Golinveaux, 915 F.3d at 568 (citing United States v. Driscoll, 892 F.3d 1127, 1133 (10th Cir. 2018)). Determination of the relevant "legal environment requires a legal conclusion about the controlling law at the time of sentencing." Id. (citing Driscoll, 892 F.3d at 1133 n.3).

Jackson argues the relevant background legal environment at the time of sentencing in February 2003 shows Jackson's enhanced sentence under the ACCA was dependent on the residual clause such that he is entitled to relief. Jackson asserts that at the time of sentencing, Missouri second-degree burglary did not satisfy the ACCA's force clause or enumerated offenses clause. In opposition, the Government argues that at the time of sentencing, Missouri second-degree burglary was not exclusively treated as a residual clause offense under the ACCA, such that Jackson has

7

not shown by a preponderance of the evidence that the sentencing court relied on the residual clause to apply the ACCA enhancement. The Government argues Missouri second-degree burglary was considered "burglary" as set out in the ACCA's enumerated offenses clause, which the sentencing court likely relied upon in applying the ACCA enhancement.

In this case, Jackson was sentenced in February 2003. The Court thus considers the relevant legal environment at that time to determine whether Jackson has met his burden to show the sentencing court relied on the residual clause in order to apply the ACCA enhancement.

As set forth in the PSR and as referenced by the sentencing court, Jackson's criminal history contains the following relevant prior convictions:

- On August 15, 1985, Jackson was charged with two counts of second-degree burglary in violation of Missouri law in Jackson County, Missouri. Jackson pleaded guilty to two counts of second-degree burglary on January 15, 1986.

- On May 27, 1992, Jackson was charged with one count of second-degree burglary in violation of Missouri law in Johnson County, Missouri. Jackson pleaded guilty to this charge on September 8, 1992.

- On October 1, 1993, Jackson was charged with "committing violence or injury to others" in violation of Missouri law in Dekalb County, Missouri while Jackson was serving a sentence in the custody of the Missouri Department of Corrections. Jackson pleaded guilty to this charge on August 10, 1995.

Jackson argues the sentencing court relied on the residual clause to apply the ACCA enhancement because none of these prior convictions are, without the residual clause, ACCA offenses, and based on the relevant legal environment at the time of sentencing, the sentencing

court would have only relied on the residual clause to enhance Jackson's sentence under the ACCA.

In 1986 and 1992, the Missouri second-degree burglary statute was as follows: "[a] person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of a committing a crime therein." Mo. Rev. Stat. § 569.170 (1979).

As referenced above, an ACCA predicate offense is one that falls within the definition of the ACCA's force clause, enumerated clause, or before Johnson and its progeny, the residual clause. 18 U.S.C. § 924(e)(2)(B). Because the residual clause is no longer a valid basis on which to apply the ACCA enhancement, the Court considers whether Jackson's second-degree burglary convictions are otherwise properly considered ACCA offenses under either the force clause or the enumerated clause within the relevant legal environment in February 2003.

With respect to the force clause, the Missouri second-degree burglary statute does not have as an element the use, attempted use, or threatened use of physical force. 18 U.S.C. § 924(a)(2)(B)(i). Therefore, Jackson's second-degree burglary convictions may only otherwise be ACCA predicate offenses under the enumerated offenses clause.

The ACCA's enumerated offenses clause defines a violent felony as one that "is burglary, arson, or extortion . . . ." 18 U.S.C. 924(e)(2)(B)(ii). As the Government asserts, because the enumerated offenses clause uses the word "burglary," and Jackson's prior convictions are for second-degree burglary, the most natural reading of the ACCA is that any conviction for burglary is an ACCA offense by the statute's plain language. (Doc. #23).

In 1990, the Supreme Court ruled in Taylor v. United States that "burglary" as used in the ACCA's enumerated offenses clause means "burglary in its generic sense, that is, as meaning any

9

crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Winarske v. United States, 913 F.3d 765, 766 (8th Cir. 2019) (citing Taylor v. United States, 495 U.S. 575, 599 (1990)).

The Taylor court also discussed how this construction should be applied to state statutes which defined burglary more broadly than the generic definition: "[o]ne of Missouri's second-degree burglary statutes in effect at the times of petitioner['s] convictions included breaking and entering into 'any booth or tent, or any boat or vessel, or railroad car. Mo. Rev. Stat. § 560.070 (1969) (repealed).'" Id.

The Taylor court held "§ 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Id. at 600. "This categorical approach, however, may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary." Id. at 602.

In sum, Taylor's holding, issued before Jackson's sentencing, indicates ACCA burglary is generic burglary, and a conviction is for generic burglary only if "its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." Id. at 602.

Jackson's second-degree burglary convictions are under Mo. Rev. Stat. § 569.170, which includes knowing, unlawful entry or remainder in "a building or inhabitable structure." The definition of an "inhabitable structure" under the statute of conviction is as follows:

> Inhabitable structure includes a ship, trailer, sleeping car, airplane, or other vehicle or structure:

(a) Where any person lives or carries on business or other calling; or

(b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or

(c) Which is used for overnight accommodation of persons. Any such vehicle or structure is 'inhabitable' regardless of whether a person is actually present.

Mo. Rev. Stat. § 569.010(2).

Because Missouri's second-degree burglary statute prohibits unlawful entry or remainder into a building or inhabitable structure, and "inhabitable structure" includes ships, trailers, and/or other vehicles, Missouri second-degree burglary punishes broader conduct than generic burglary, which is limited to unlawful entry or remainder in "a building or structure." Taylor, 495 U.S. at 599.

The sentencing record in this case does not mention any charging documents or any other underlying documents that might have been properly referenced from which the Court might glean whether Jackson's second-degree burglary convictions related to a building or an inhabitable structure. Taylor, 495 U.S. at 602.

Because Jackson's prior convictions are based on a statute covering conduct that is broader than generic burglary, Missouri second-degree is not an ACCA predicate offense under the enumerated offenses clause. This background legal environment, as it existed at the time of Jackson's sentencing, indicates the sentencing court necessarily relied on the residual clause to enhance Jackson's sentence. The Court thus finds Jackson has met his burden to show by a preponderance of the evidence that his sentence was enhanced under the ACCA based on the residual clause. United States v. Blahowski, 324 F.3d 592, 594-95 (8th Cir. 2003); United States v. Solomon, 998 F.2d 587, 590 (8th Cir. 1993)). Accordingly, it is hereby

11

ORDERED Petitioner Fabian Jackson's Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. #1) is GRANTED. The Court will set this matter for a re-sentencing.

IT IS SO ORDERED.

Dated: <u>May 13, 2020</u>             <u>/s/ Brian C. Wimes            </u>
                                        JUDGE BRIAN C. WIMES
                                        UNITED STATES DISTRICT COURT